# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : |
| **FIVE RIVERS PETROLEUM, LLC,** | : Bankruptcy No. 11-25202-JAD |
| | : |
| Debtors. | : Chapter 11 |
| _____X | |
| **FIVE RIVERS PETROLEUM, LLC,** | : |
| | : |
| Movant, | : Doc. # 216 |
| | : |
| v. | : |
| | : |
| **COMMUNITY BANK,** | : |
| | : |
| Respondent. | : |
| _____X | |

## MEMORANDUM OPINION

The matter before the Court is a Motion to Vacate Order of Court Dated August 15, 2012 (the "Motion") filed by the debtor, Five Rivers Petroleum, LLC (the "Debtor"). The matter is a core proceeding over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. For the reasons set forth more fully below, the Debtor's Motion is denied.

### I.

The Debtor filed for relief under chapter 11 of the Bankruptcy Code on August 18, 2011, at Case No. 11-25202-JAD. Community Bank is the primary secured creditor of the Debtor.[1] (See Doc. # 101, p. 2, ¶ 6).

---

[1] The Debtor is indebted to Community Bank in connection with three loans made pursuant to promissory notes and security agreements executed therewith, specifically a loan in the amount of $380,072 made on December 30, 2005, a loan in the amount of $100,000 made on March 6, 2008, and a loan in the amount of

The Debtor's chapter 11 plan was to be filed by February 14, 2012. On December 15, 2011, the Debtor filed a motion to extend time to file a chapter 11 plan and disclosure statement, which was granted pursuant to a default order dated January 12, 2012. (See Doc. ## 72, 78). The Debtor filed a second motion to extend time to file a plan and disclosure statement on March 14, 2012, to which Community Bank objected. (See Doc. ## 83, 87). After a hearing on the Debtor's second motion to extend time was held on April 24, 2012, this Court entered a modified order extending the Debtor's deadline to file a plan and disclosure statement to May 23, 2012. (See Doc. # 91). The Debtors filed their chapter 11 plan on May 22, 2012. (See Doc. ## 97).

On June 6, 2012, Community Bank filed a motion for relief from the automatic stay and motion for abandonment (the "Motion for Relief"), arguing therein that termination of the stay was appropriate pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Property and the Property is not necessary for an effective reorganization, and that abandonment of the Property was warranted under 11 U.S.C. § 554(b). (See Doc. # 104, p. 4, ¶¶ 13, 14). Community Bank also filed an objection to the Debtor's disclosure statement on June 26, 2012. (See Doc. # 111).

---

$212,800 made on March 23, 2009. (See Case No. 11-25202-JAD, Doc. # 30, p. 2). Community Bank asserts that the Debtor is further indebted pursuant to a commercial guaranty dated December 30, 2005, a modification and mortgage extension agreement dated March 9, 2011, and a forbearance agreement dated August 2011. (See id. at pp. 2-3). Pursuant to the security agreements, Community Bank has a security interest in all of the Debtor's personal property, including accounts, inventory, and proceeds thereof (the "Property"). (See Case No. 11-25202-JAD, Doc. # 175, p. 1).

A hearing on the Motion for Relief and the objection to the disclosure statement was held on July 3, 2012, at which point the matters were continued to August 14, 2012. (See Case No. 11-25202-JAD, Doc. ## 116, 128). After the hearing on August 14, 2012, the Court entered an order dated August 15, 2012 sustaining Community Bank's objection to the disclosure statement, and granting the Motion for Relief on a conditional basis (the "Order"). The order states in pertinent part:

> 2. The Motion for Relief from Stay is GRANTED ON A CONDITIONAL BASIS. Specifically, relief from stay is granted, but stayed, for so long as the Debtor timely and promptly does the following:
>    (a) File amended and corrected monthly operating reports by no later than 14 days from the date of this Order;
>    (b) File an[] Amended Plan and Disclosure Statement by no later than 28 days from the date of this Order;
>    (c) Confirm the to be filed Amended Plan by no later than 120 days from the date of this Order; and
>    (d) On the 15th of each month going forward pay to Community Bank the sum of at least $15,000 in readily available funds as adequate protection.
> 3. Time is of the essence with respect to the Debtor's performance to the terms of this Order. Failure of the Debtor to timely and promptly comply with the terms of the Order shall result in the lifting of the automatic stay, without further notice or hearing, upon the filing of an affidavit of default by Community Bank.

(Doc. # 129). Thus, pursuant to the terms of the Order, the Debtor was to have an amended plan confirmed by December 13, 2012.

The Debtor filed amended monthly operating reports on August 24, 2012, and an amended chapter 11 plan (the "Amended Plan") on September 11, 2012. (See Doc. # 143). Community Bank filed an objection to the confirmation of the Plan on October 9, 2012, arguing that the Plan was

infeasible. (See Doc. # 150). The parties filed a joint motion to extend time periods for compliance with discovery deadlines on November 19, 2012, which the Court granted by order dated November 21, 2012, extending deadlines from October 16, 2012 to November 27, 2012. (See Doc. ## 170, 173). A hearing was held on December 3, 2012, at which point the parties were ordered to file post-trial briefs by January 14, 2013 and replies by January 24, 2012. (See Doc. # 186).

The Court issued a memorandum opinion and accompanying order on February 22, 2013 sustaining Community Bank's objection to the Debtor's Amended Plan and denying confirmation of the Plan. (See Doc. ## 197, 198). The Court found that the Debtor did not demonstrate that the Plan was feasible, and ordered the Debtor to appear at a rule hearing to show cause as to why the case should not be converted to a chapter 7 liquidation proceeding. (See Id.)

On March 25, 2013, the Debtor filed a status report setting forth various proposed amendments to the Plan, and requesting a forty five day continuance of the rule hearing to allow the Debtor to file an amended disclosure statement and plan of reorganization. (See Doc. # 212). The Court continued the hearing to May 14, 2013 by order dated March 26, 2013. (See Doc. # 214).

The following day, the Debtor concurrently filed a motion to vacate or modify the August 15, 2012 Order (the "Motion to Vacate") (see Doc. # 216), and initiated an adversary proceeding by filing a complaint to re-impose the stay (the "Complaint") (see Case No. 13-02113, Doc. # 1). Save for minimal and

largely unrecognizable differences in formatting, the Motion to Vacate and the Complaint are mirror images of each other.[2]

In both the Complaint and the Motion to Vacate, the Debtor requests that this Court (a) vacate or modify the August 15, 2012 Order pursuant to Fed. R. Civ. P. 60 (referred to as "Count I" in both the Motion to Vacate and the Complaint), and (b) reimpose a stay pursuant to 11 U.S.C. § 105 (referred to as "Count II" in both the Motion to Vacate and the Complaint). (See Doc. # 216; Case No. 13-02113-JAD, Doc. # 1). The Debtor specifically argues that the "[t]he circumstances regarding the Debtor's ability to reorganize have materially changed" making relief under Fed. R. Civ. P. 60 warranted, and further asserts the applicability of 11 U.S.C. § 105(a). (Doc. # 216, pp. 3, 7-10).

In the Motion to Vacate, the Debtor acknowledges its failure to adhere to the deadlines set forth in the August 15, 2012 Order, noting that as of the time of filing the Complaint, "the Debtor was not able to obtain confirmation of the Amended Chapter 11 Plan." (Id. at p. 2). However, the Debtor asserts that it "has tendered all the adequate protection payments for September 2012, October 2012, November 2012, December 2012, January 2013, February 2013, and March 2013 as required by Paragraph 2(d) of the Order of August 15, 2012," all of which Community Bank has accepted. (Id. at pp. 2-3, ¶¶ 13, 14).

---

[2] Community Bank filed a motion to dismiss (the "Motion to Dismiss") within the adversary case, in response to the Debtor's Complaint. (See Case No. 13-02113-JAD, Doc. # 5). The Court is simultaneously issuing a memorandum opinion and order regarding Community Bank's Motion to Dismiss in the Debtor's adversary case. (See Case No. 13-02113-JAD, Doc. # __).

-5-

The Debtor also notes that "[a]s of March 26, [2013], Community Bank has not declared a default or filed an affidavit of [d]efault, as required by paragraph 3 of the August 15, 2012 Order." (Id. at p. 3, ¶ 15). However, Community Bank did file an affidavit of default on April 1, 2013, asserting therein that the "Debtor has plainly failed to confirm its Amended Plan by a date no later than 120 days from the Order," and that as a consequence, "pursuant to the terms and conditions of the Order, the automatic stay is lifted without further notice or hearing upon filing of the instant Affidavit of Default." (Doc. # 221, p. 3, ¶¶ 9-10).

Community Bank filed a response to the Debtor's Motion to Vacate on April 23, 2013, asserting that Rule 60 relief is inappropriate because the Order was clear on its face and because the Debtor's proposed changes to its plan of reorganization, if made, would still result in an unfeasible plan. (See Doc. # 216). Community Bank also asserts that section 105 does not authorize courts to re-impose a stay unless the stay has lapsed under section 362(e), and because that has not happened in the instant case, relief under section 105 is also inappropriate. (See id.).

A hearing on the matter was held on April 30, 2013. The matter is now ripe for decision.

## II.

In the Motion to Vacate, the Debtor requests that this Court vacate or modify the August 15, 2012 Order pursuant to Fed. R. Civ. P. 60 and re-impose a stay pursuant to 11 U.S.C. § 105. For the following reasons, the

Court finds relief under either Rule 60 or section 105 inapplicable in the instant case, and as such denies the Motion to Vacate.

**A.**

The Debtor requests that the Court modify or vacate the Order pursuant to Fed. R. Civ. P. 60, asserting that relief thereunder is appropriate because "the Court and the Parties did not foresee that the timing default could be caused by Community Bank opposing confirmation" (Doc. # 216, p. 7), the "circumstances regarding the Debtor's ability to reorganize have materially changed" (id. at p. 3), and "because modification of the [Order] will prevent harm to other parties in this case" (id. at p. 6). The Debtor does not specifically identify which section of Rule 60 applies in the instant case, but rather cites the entirety of the statute in full.

Fed. R. Civ. P. 60, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, allows for modification of an order if "applying it prospectively is no longer equitable," among other reasons. Fed. R. Civ. P. 60. Rule 60 specifically allows for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

The Debtor does not allege, nor does the record suggest, any mistake, inadvertence, surprise, excusable neglect, or fraud has occurred, nor that the judgment is void or has been satisfied, released, discharged, or based on an earlier judgment that has been reversed or vacated. The Debtor does seem to argue that its alleged "changed circumstances" constitutes new evidence pursuant to Rule 60(b)(2), and that applying the Order is not equitable, or that it would be equitable to modify it. However, even accepting all facts alleged in the Motion to Vacate and the Complaint as true, the facts cannot support a valid claim under Rule 60, and thus the Motion to Vacate and the Complaint does not set forth a claim for purposes of Rule 12(b)(6).

The Court notes that the Debtor's assertion that Community Bank has "caused" the Debtor's failure to comply with the Order is entirely without merit. The Debtor continuously argues in its pleadings in both the adversary and in this lead bankruptcy case that Community Bank "has been able to oppose confirmation and cause the Debtor to not achieve the required confirmation within 120 days." (Doc. # 216, p. 5, ¶ 26; Case No. 13-02113, Doc. # 1, p. 5, ¶ 26; see also Doc. # 216, p. 6, ¶ 31 ("... the Parties did not foresee that the timing default could be caused by Community Bank opposing confirmation."). Community Bank did not cause the Debtor to fail to comply with the Order; Community Bank filed an objection to confirmation, as is their right, and this Court independently determined that the Debtor failed to prove that its Plan would be feasible. The Debtor's failure to comply with the Order was not

-8-

caused by Community Bank's objecting to the Plan, but rather by the Debtor's failure to put forth a feasible Plan. The fact that Community Bank filed an objection to the confirmation of the Amended Plan, an objection which this Court agreed with and therefore sustained, does not support a claim under Rule 60.

Nor do the "changed circumstances" which the Debtor asserts warrants modification of the Order. Rule 60(b)(2) provides that "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" can give rise to relief from a judgment or order. Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence. Compass Tech., Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (citing 11 Charles Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2808, at 86 (2d ed. 1995)). That standard requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial. Compass Tech, Inc., 71 F.3d at 1130 (citing Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir.1991)). Any party requesting such relief "bears a heavy burden." Id. Applying this standard, the Court finds that the Debtor has not set forth any newly discovered evidence which would support modification under Rule 60(b)(2).

The various alleged "changes in circumstances" which the Debtor asserts have materially changed the Debtor's ability to reorganize include negotiating

new royalty agreements, reducing salaries, hiring a new manager and controller, soliciting loans, negotiating a reduction in dividends, and obtaining quotes from a third party to remedy the existing environmental issues. (See Doc. # 216, pp. 3-5). Even accepting all proposed changes as true and viable, the Debtor can only be entitled to relief under Rule 60(b)(2) where such changes could not have been previously "discovered." The Debtor has not alleged any facts supporting an argument that these changes could not have been contemplated or implemented at the time that the Debtor filed its Amended Plan, or that these changes could not have been discovered before the confirmation hearing through the exercise of reasonable diligence.

The Debtor also urges the Court to vacate the order in the interest of equity. Pursuant to Rule 60(b)(6), the Court can modify or vacate an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the Debtor is not entitled to relief pursuant to the catch-all provision of Rule 60(b)(6). Relief from judgment pursuant to Rule 60(b)(6) is extraordinary relief and may be granted only upon a showing of exceptional circumstances. In re Davis, 150 B.R. 633, 640 (Bankr. W.D. Pa. 1993) (citing In re Fine Paper Antitrust Litigation, 840 F.2d 188, 194 (3d Cir.1988)). To prevail under the catch-all provision of a Rule 60(b)(6) motion, the party must show that the asserted grounds for relief are other than those recognized in clauses one through five of Rule 60, in addition to showing extraordinary circumstances justify relief. Am. Civil Liberties Union v. Dep't of Def., 406 F. Supp. 2d 330, 332 (S.D.N.Y. 2005) (referencing United States v. Erdoss, 440 F.2d 1221, 1222

(2d Cir. 1971)). The Debtor has not presented any showing of extraordinary circumstances; additionally, the Order was quite clear as to what would happen if a plan was not confirmed by the required date. See In re Hein, 341 B.R. 903, 906-07 (Bankr. N.D. Ind. 2006) ("That order [regarding creditor's motion for relief from automatic stay] was quite clear as to what would happen if a plan was not confirmed [by the required date]: [creditor's] motion was to be granted. Nothing about the debtor's present motion is addressed to that issue or can change the fact that a plan was not confirmed..."). The Debtor has not presented any facts suggesting the existence of any exceptional circumstances which would support vacating such a facially clear and unambiguous Order.

As such, the Court denies the Debtor's request to modify or vacate the Order pursuant to Fed. R. Civ. P. 60.

**2.**

The Court also denies the Debtor's request to re-instate the Order under pursuant to the powers afforded to it by 11 U.S.C. § 105(a). The Debtor asserts that "[i] the [August 15, 2012 Order] terminated the [a]utomatic [s]tay, this Court has the power under 11 U.S.C. § 105 to enter an [o]rder re[-]imposing the stay previously terminated." Section 105(a) provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, the only case that Debtor cites in support of the assertion that courts may re-impose an automatic stay pursuant to section 105 is Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693 (3d Cir. 1989).

In <u>Wedgewood</u>, the court found that courts can re-impose a stay under section 105, but only where section 362(e) is also implicated. See <u>In re Wedgewood Realty Group, Ltd.</u>, 878 F.2d 693 (3d Cir. 1989). There has been no violation of section 362(e) in the instant case, and the Debtor does not allege otherwise.

Regardless, the <u>Wedgewood</u> court held, "[a]pplying section 105(a), therefore, merely permits the court to do equity where the debtor is not at fault and the circumstances justify such relief." <u>In re Wedgewood</u>, 878 F.2d at 701. Here, no facts could be alleged that would justify such relief in this case, as there has been no lapse of the stay under section 362(e). In addition, this is not a case where the debtor was faultless. The fact is that the Debtor did not propose its best plan from the outset. Rather, it proposed a minimal plan that was fraught with risk for creditors. Having assumed that risk, the Debtor cannot complain at this hour about the fact that its plan was not confirmed and the consequences of the same. As such, the Debtor fails to state a claim under section 105.

Furthermore, the Debtor argues that "[t]he Court should re-impose the stay to further the purposes of the Bankruptcy Code and permit a Debtor who has the ability to reorganize the opportunity to prosecute a viable Plan of Reorganization." (Doc. # 216, p. 9). The Court notes that the original stay accomplished this purpose and provided the Debtor with the opportunity to present a viable plan of reorganization. Again, after the Order was entered requiring confirmation of a feasible plan within 120 days of the date of the Order, the Debtor chose to not put forth its best plan possible. The Debtor

could have presented a more feasible plan, as evidenced by their current proposed Plan revisions. The "changed circumstances" that the Debtor points to are not "new," and no facts have been presented which suggest the plan the Debtor wishes to now put forth could not have been put forth originally. The Court therefore finds that the Debtor's request to re-impose the stay is without merit.

### C.

In conclusion, the Court finds both Rule 60 and section 105 are inapplicable in the instant case, and as such, denies the Debtor's Motion to Vacate. An appropriate order will be entered.

Date: July 9, 2013        /s/ Jeffery A. Deller
**JEFFERY A. DELLER**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Donald R. Calaiaro, Esq.
Michael J. Henny, Esq.
Office of the U.S. Trustee

**FILED**

JUL 09 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA